## JACKSON v. HOVEY.

(Superior Court of Buffalo, General Term. December 21, 1892.)

PLEADING AND PROOF—JUDGMENT.

The charter of Buffalo, § 459, allowing plaintiff, in an action in the municipal court on contract "for the recovery of money only," to file with the clerk, on issuing summons, a complaint specifying the amount due from defendant, and for which he will demand judgment, and requiring a copy to be served on defendant with the summons, and section 461, providing that, on defendant's failure to answer, the court, on proof of such service, shall enter judgment for the amount demanded, does not apply where defendant appears and answers, and resists recovery for any sum, and on proper proof judgment may be rendered for a greater sum than was demanded in the complaint served on defendant; a mistake having been made therein, and the complaint filed containing a correct statement of the amount demanded.

Appeal from municipal court.

Action by Charles E. Jackson against William J. Hovey for services rendered. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Walter S. Jenkins, for appellant.

Clinton B. Gibbs, for respondent.

TITUS, C. J. This action was brought in the municipal court to recover of the defendant for work and services as hostler, in taking care of his horses; and the plaintiff, in his complaint, claims for 3 months' services at the rate of $20 per month, less the sum of $20, which the defendant has paid him. The complaint, as it appears in the return, demands a judgment for $40 and costs. It appears from the affidavits accompanying the return that the copy of the complaint which was served upon the defendant with the summons demanded but $20 judgment. The complaint, on its face, shows that the plaintiff is entitled to $40. It further appears from the affidavits that when the complaint was originally prepared the typewriter copy contained the demand for $20; that before it was verified and served the demand was changed in the original complaint from $20 to $40, but that the mistake was not corrected in the copy served upon the defendant. This seems to be conclusively established by the plaintiff's affidavits, which are not in that particular disputed by the affidavits of the defendant.

The municipal court act, under which the municipal court of Buffalo was organized, is now incorporated into, and forms a part of, the revised charter of the city. By section 459, in an action arising on contract for the recovery of money only, the plaintiff, at the time of issuing the summons, may file with the clerk of the court a written complaint, set-

ting forth in a precise and concise manner the facts constituting his cause of action, specifying the amount actually due from the defendant to the plaintiff, and for which the plaintiff will demand judgment. The complaint must be subscribed by the plaintiff or his attorney, and verified in the manner prescribed by the Code of Civil Procedure, and must, together with the summons, be served upon the defendant. By section 461 it is provided that—

"In case the defendant fails to answer the complaint as herein provided, he shall be deemed to have admitted the allegations of the complaint; and the court, upon the filing of the summons and complaint, with proof of due service thereof, shall forthwith enter judgment for the amount demanded in the complaint, without further proof."

These provisions are practically the same as the sections of the old Code. Where the action arose upon contract for the recovery of money only, the complaint was required to be served with the summons, which must state the amount claimed, when the clerk could enter judgment without application to the court. The practice is practically the same under the present Code of Civil Procedure. Sections 420, 1212. Section 1207 provides, when there is no answer, the judgment shall not be more favorable to the plaintiff than demanded in the complaint. When there is an answer, the court may permit the plaintiff to take any judgment consistent with the case made and embraced within the issue. It was held in Trowbridge v. Didier, 4 Duer, 448, that the defendant has the right to consider the complaint which is served upon him as that which he is required to answer; but under the Code no variance between the allegations of a plaintiff's pleading and the proof can now be material, unless it is shown that the adverse party was actually misled. So it is provided by the municipal court act (section 458) that "a variance between the proof on the trial and the allegations in a pleading shall be disregarded as immaterial, unless the court shall be satisfied that the adverse party has been misled to his prejudice thereby," and the pleading may be amended at any time, even upon appeal, when by such amendment substantial justice will be promoted.

It cannot be seen how the defendant has been prejudiced. A defense was made in the court below to the whole of the plaintiff's case, and he resisted a recovery for any sum. The demand for judgment was not a material factor in the case. The result would not have been different if the defendant had raised the objection upon the trial, as the court would have been obliged to allow an amendment making the demand correspond with the proofs. But no amendment was necessary. The complaint, as it was verified and filed with the court, demanded judgment for $40. If the defendant had not appeared in the court below, a different question would be presented. The plaintiff could not then have taken judgment against the defendant for a greater sum than that demanded in the copy served upon him. This provision for taking judgment by default for the amount demanded in the complaint has no force or application where the defendant appears and answers, as he may do. Section 460. The issue is then joined, and the rules applicable to ordinary proceedings in that court control, and the complaint in the action filed with the court fixes the rights of the parties, the cause of action,

and the amount he is entitled to recover. The case of Pharis v. Gere, 31 Hun, 444, cited by the defendant's counsel upon his brief, has no application. There the court would not allow the plaintiff to amend his complaint so as to recover treble damages, which were awarded plaintiff, but limited him to the amount claimed in the complaint. As has been stated, no amendment was necessary here, as the complaint claimed an amount large enough to cover the verdict. The proceedings in justice's court, which apply to the municipal court, (section 457, Rev. Charter,) are necessarily informal, and great particularity is not required. Section 2940 of the Code of Civil Procedure provides that a party may state his claims to a justice of the peace, and he need not formally demand judgment for any sum, but in making his proof the justice will give him such judgment as the proof warrants, within the limit of his jurisdiction. It seems to me, therefore, that the judgment should be affirmed, with costs. All concur.